(88 Misc. Rep. 519)

### PEOPLE v. MARTIN.

(Supreme Court, Appellate Term, First Department. January 7, 1915.)

FOOD (§ 5*)—"ADULTERATED MILK"—"CHEESE"—"BUTTER"—STATUTES.

> Agricultural Law (Consol. Laws, c. 1) § 30, declares that the terms "butter" and "cheese," when used in the article, mean the products of the dairy usually known by those terms, which are manufactured from pure, unadulterated milk, or cream, or both, etc. After defining oleomargarine, butterine, imitation butter, or imitation cheese, it declares that the term "adulterated milk," when used in the act, means: (1) Milk containing more than 88 per cent. of water or fluids. (2) Milk containing less than 12 per cent. of milk solids, etc. Section 52 declares that a person convicted of exposing adulterated milk for sale, as defined in subdivisions 1, 2, § 30, of the law, shall be liable to a penalty. *Held*, that section 30, subds. 1, 2, defining adulterated milk, should not be construed as limited to milk used in the manufacture of butter, cheese, and other articles previously enumerated in the section, but that such subdivisions should be construed as defining a standard for milk to be sold or exposed for sale.
>
> [Ed. Note.—For other cases, see Food, Cent. Dig. § 1; Dec. Dig. § 5.*
>
> For other definitions, see Words and Phrases, First Series, Cheese; also. First and Second Series, Adulterate; Butter.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the People against Georgiana Martin. Judgment for defendant, and the People appeal. Reversed, and new trial ordered.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

James A. Parsons, of Albany (Robert P. Beyer, Deputy Atty. Gen., of counsel), for the People.

John W. Suling (Frederic C. Leubuscher, of New York City, of counsel), for respondent.

GUY, J. Plaintiff sued the defendant to recover a penalty of $50 alleged to have been incurred under section 52 of the Agricultural Law for exposing for sale adulterated milk, as defined by subdivisions 1 and 2 of section 30 of said law. The respondent's counsel urges, and this seems to have been the view taken by the learned trial justice in

the court below, that section 30, subdivisions 1 and 2, of the Agricultural Law, prescribe no standard for the selling or exposing for sale of adulterated milk, and that the use of such milk is only forbidden, and the standard prescribed, when such milk is used in the manufacture of butter, cheese, and the other articles enumerated in such section.

This construction of the section referred to cannot be upheld. Section 30 of the Agricultural Law reads as follows:

"Sec. 30. Definitions.—The terms 'butter' and 'cheese,' when used in this article, mean the products of the dairy, usually known by those terms, which are manufactured exclusively from pure, unadulterated milk or cream or both, with or without salt or rennet, and with or without coloring matter or sage. The terms 'oleomargarine,' 'butterine,' 'imitation butter' or 'imitation cheese' shall be construed to mean any article or substance in the semblance of butter or cheese not the usual product of the dairy, and not made exclusively of pure and unadulterated milk or cream, or any such article or substance into which any oil, lard or fat not produced from milk or cream enters as a component part, or into which melted butter or butter in any condition or state, or any oil thereof has been introduced to take the place of cream. The term 'adulterated milk,' when so used, means:

"1. Milk containing more than eighty-eight per centum of water or fluids.

"2. Milk containing less than twelve per centum of milk solids.

"3. Milk containing less than three per centum of fats.

"4. Milk drawn from cows within fifteen days before and five days after parturition.

"5. Milk drawn from animals fed on distillery waste or any substance in a state of fermentation or putrefaction· or on any unhealthy food.

"6. Milk drawn from cows kept in a crowded or unhealthy condition.

"7. Milk from which any part of the cream has been removed.

"8. Milk which has been diluted with water or any other fluid, or to which has been added or into which has been introduced any foreign substance whatever.

"All adulterated milk shall be deemed unclean, unhealthy, impure and unwholesome. The terms 'pure milk' or 'unadulterated milk,' when used singly or together, mean sweet milk not adulterated, and the terms 'pure cream' or 'unadulterated cream,' when used singly or together, mean cream taken from pure and unadulterated milk. The term 'adulterated cream' when used shall mean cream containing less than eighteen per centum of milk fat or cream to which any substance whatsoever has been added."

It is perfectly apparent from the reading of the section that the standard for pure milk is fixed by its requirements, and that milk that contains more than 88 per centum of water or fluids, or milk not conforming to the several specifications contained in section 30, is "adulterated" milk within the purview of the statute, without regard to its specific use, and that by the sale or exposing for sale of such milk the vendor is liable for the penalty of $50 prescribed by section 52 of the act. The construction sought to be placed upon this section by the defendant would permit the sale of milk regardless of its adulterations and without conforming to the requirements of the section.

The other points raised by the appellant are equally untenable. No evidence was offered by the defendant, and the complaint was dismissed at the close of the plaintiff's case. It was shown that samples of milk were taken from a wagon from which one of the men in charge delivered milk to a house in Prince street, New York City. The analysis of the milk, made by a competent chemist and by the best-known method for determining the amount of solids or fats, show that the milk

contained 89.69 per cent. of water, the solids being 10.31 per cent., thus falling within the definition of adulterated milk as prescribed in the statute.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.